UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAI-TRANG THI NGUYEN,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendants.

Case No. 5:26-cv-06359-SVK

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION**

Re: Dkt. No. 12, 14

In the complaint in this case, Plaintiff Mai-Trang Thi Nguyen ("Platiniff" or "Nguyen"), appearing *pro se*, seeks an injunction, an apology and/or various amounts of money for various judicial officers' alleged failure to answer two pieces of religious evidence when dismissing her claims that the United States' support of Israel runs afoul of the Establishment Clause found in the First Amendment to the U.S. Constitution. Dkt. 1 at 3-4. Now before the Court is Defendant's, the United States of America's ("the United States'") motion to dismiss ("Motion"), in which the United States argues that Nguyen's present complaint should be dismissed with prejudice because absolute judicial immunity bars claims against federal judges who purportedly erred while performing their official judicial functions and the Federal Torts Claims Act ("FTCA"), under which the present claims are brought, does not waive the United States' sovereign immunity for Plaintiff's claimed relief. Dkt. 14 at 2. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 8, 16.

The Court finds this matter suitable for determination without oral argument. Civ. L.R. 7-1(a). For the reasons discussed below, the United States' motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND.**

////

United States District Court
Northern District of California

United States District Court
Northern District of California

## I. BACKGROUND

In 2023, Plaintiff filed a lawsuit *pro se* against the United States in the Northern District of California, for an alleged First Amendment violation based on the United States' support of Israel in its military campaign against Hamas. *See Ngyuen v. United States of America*, No. 23-cv-06047-VKD (N.D. Cal.), Dkt. 7 ("*Nguyen I*"). The Honorable Virginia K. DeMarchi dismissed Plaintiff's lawsuit, with prejudice, on April 1, 2024, citing a lack of subject matter jurisdiction for the federal court to hear Plaintiff's non-justiciable political question claims. *Id*. at Dkt. 34. A panel of Ninth Circuit judges affirmed Judge DeMarchi's dismissal on March 21, 2025 (*id*. at Dkt. 43); and the Supreme Court denied Plaintiff's writ of certiorari on October 6, 2025 (*id*. at Dkt. 48).

Plaintiff's present lawsuit is again brought against the United States, this time under the Federal Tort Claims Act ("FTCA"). Dkt. 1 at 2. While Plaintiff's response to the Motion points to aggravated PTSD caused by the actions of Judge DeMarchi (who dismissed her previous claim), three Ninth Circuit judges (who affirmed that dismissal) and the United States Supreme Court (who denied her writ of certiorari) (*see* Dkt. 22 at 4), Plaintiff seeks damages more directly aligned with her initial lawsuit, including: "(1) Injunction to all Congressional support [except for food, water, electricity, & medical supplies] in ✡ country & organizations & allies in Holyland; (2) Letter of apology with $0; (3) $10,000 for medical cost & paper printing; (4) $250,000 last 2.5 years of working; (5) $1 million in leaving America forever; and (6) $20 trillions." *Id.* at 3; *see also* Dkt. 12 at 1.

## II. PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION

On July 30, 2026, Plaintiff filed what she called "Motion for Emergency Injunction on all U.S. Ties with ✡ on Israeli Flag, all Congress laws attached to Holyland and Holy War." Dkt. 12. The Court notes that this appears to seek the relief she was denied in her previous litigation and does not request any relief that is available under the FTCA, which only allows a limited waiver of the federal government's sovereign immunity for money damages, as further explained below. Thus, this request is **DENIED.**

////

////

## III. DISCUSSION

As explained in the Motion, the United States – a sovereign entity – cannot be sued unless Congress has "unequivocally expressed" an intent to waive its sovereign immunity. *See United States v. Orleans*, 425 U.S. 807, 814 (1976); *United States v. King*, 395 U.S. 1, 4 (1969). Specifically, the federal courts lack subject matter jurisdictions over claims against the United States where sovereign immunity has not been clearly waived. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). While the FTCA does grant a limited waiver of sovereign immunity, the United States Supreme Court has clearly stated subject matter jurisdiction only exists should a plaintiff plausibly allege ALL SIX of the required jurisdictional elements for a proper FTCA action:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 592 U.S. 209, 212 (2021) (citing *Meyer*, 510 U.S. at 477).

The United States argues that the complaint should be dismissed for three reasons. First, the United States argues the Court lacks subject matter jurisdiction because the relief sought by Plaintiff is barred by absolute judicial immunity. Second, the United States argues that Plaintiff lacks standing to seek the requested relief under the FTCA, which only grants a limited waiver of sovereign immunity for money damages against the United States. Third, in response to Plaintiff's response to this Motion, the United States argues that Plaintiff's desired equitable relief presents a non-justiciable political question, as already noted by the courts in her previous lawsuit.

### A. Subject Matter Jurisdiction: Absolute Judicial Immunity

Absolute judicial immunity protects federal judges "from civil liability for acts performed in [their] judicial capacity." *Harper v. Whyte*, No. 08-cv-00298 SI, 2008 WL 205270, at *2 (N.D. Cal. Jan. 23, 2008) (*citing Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996)). This well-established and longstanding doctrine is core to the interest of facilitating independent adjudication free of undue pressure and personal threats on judicial officers by parties and persons who strongly disagree with a court's decision. *See Bradley*

*v. Fisher*, 80 U.S. 355, 347 (1872); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). In fact, this protection is considered so important that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).

Here, Plaintiff has filed suit against the United States, specifically naming in her complaint one magistrate judge, three circuit judges and nine Supreme Court judges, all for actions related to the performance of their duty as judges. While it is possible for a judge to be sued for conduct "outside [their] judicial role," *Gibson v. Goldston*, 85 F.4th 218 (4th Cir. 2023) (allowing suit for a judge who exercised executive powers by personally directing the search of a home), that is not the case here. If a litigant disagrees with a court's reasoning/decision, the remedy available to them is appeal to a higher court. *See* 28 U.S. Code § 1291. Should a Plaintiff be similarly dissatisfied with the results of that appeal, nothing in the law waives the immunity protecting judges from a separate lawsuit against their decisions, including the FTCA. Thus, Plaintiff's claims against Judge DeMarchi, three Ninth Circuit judges and all nine Supreme Court judges are **DISMISSED WITHOUT LEAVE TO AMEND**.

**B. Standing: FTCA**

Whether or not a plaintiff has standing under the FTCA depends in part upon the relief sought. The courts have clearly established that "[t]he only relief provided for in the [FTCA] is 'money damages.'" *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992) (quoting *Talbert v. United States*, 932 F.2d 1064, 1065-66 (4th Cir. 1991)); *Quinonez v. United States*, No. 22-cv-03195-WHO, 2024 WL 4730548, at *10 n.7 (N.D. Cal. Nov. 8, 2024) (granting motion to strike declaratory relief claim because "[d]eclaratory relief is not available under the FTCA"); *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974) (the FTCA "does not submit the United States to injunctive relief"). Thus, Plaintiff's requests for an order enjoining "support [except for food, water, electricity, & medical supplies] in ✡ country & organizations & allies in Holyland" and a "letter of apology with $0" would not be available for any claim brought under the FTCA, regardless of the facts presented. This apparent attempt to recycle relief crafted for the wholly different law invoked in *Nguyen I* supports the United States' statement that "Plaintiff's FTCA lawsuit appears to be nothing more than a collateral attack on the final judgment in *Nguyen*

*I*." Dkt. 14 at 5.

As for Plaintiff's requests for monetary relief in the amounts of "$10,000 for medical cost & paper printing," "$250,000 last 2.5 years of working," "$1 million in leaving America forever" or "$20 trillions," the United States points out that "it is not clear how any of these purported monetary damages are traceable to Judge DeMarchi's dismissal or the appellate judges' affirmance in *Nguyen I*." Dkt. 14 at 6. The Court agrees. The law is clear that Article III standing requires an "injury in fact," which in turn requires that a plaintiff prove she has suffered an "invasion of a legally protected interest" that is "concrete and particularized" and "fairly traceable to the challenged action of the defendant." *Gill v. Whitford*, 585 U.S. 48, 65 (2018); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). While the Court understands that Plaintiff is upset by what she sees as an error on the part of several federal judges, Plaintiff fails to point to a concrete injury to her or to a connection between her monetary demands and the underlying judicial conduct, both of which are required to establish standing under the FTCA. Accordingly, Plaintiff's FTCA claims are **DISMISED WITHOUT LEAVE TO AMEND**.

**C. Subject Matter Jurisdiction: Non-Justiciable Political Question**

As the United States noted in its reply, insofar as Plaintiff is using this lawsuit as an attempt to resubmit her *Nguyen I* challenges to foreign policy decisions made by the executive and legislative branches of the U.S. government, Judge DeMarchi and the Ninth Circuit already squarely rejected these challenges as presenting a non-justiciable political question. *Nguyen I*, Dkt. 34 at 7 (determining that the relief Plaintiff sought in *Nguyen I* constituted a non-cognizable request that "the Court . . . second guess foreign policy decisions that the Constitution has expressly committed to the political branches."); *Nguyen I*, Dkt. 43 at 2 ("The district court properly dismissed Nguyen's action for lack of subject matter jurisdiction because Nguyen's claims present nonjusticiable political questions."). Even were the FTCA to grant standing for a plaintiff to request injunctions against the United States government – it does not – Plaintiff's complaint would still lack subject matter jurisdiction for all the reasons expressed in the prior litigation. None of the reasoning in the decisions of Judge DeMarchi and the Ninth Circuit regarding this non-justiciable political question is disturbed by the Plaintiff's attempt to embed the

same arguments (albeit with certain facts highlighted) as part of an FTCA claim. Therefore, Plaintiff's claims challenging the foreign policy decisions of the executive and legislative branches of the U.S. government are **DISMISSED WITHOUT LEAVE TO AMEND**.

**IV. CONCLUSION**

For the foregoing reasons, the United States' motion to dismiss the complaint is **GRANTED** and the complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

**SO ORDERED.**

Dated: August 25, 2026

SUSAN VAN KEULEN
United States Magistrate Judge